UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――

JOHN ASSADI, ESQ.,

                Plaintiff,

        - against -

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES,

                Defendant.

―――――――――――――――――――――――――――

**OPINION AND ORDER**

**12-CV-1374 (RLE)**

**RONALD L ELLIS, U.S.M.J.:**

## I. INTRODUCTION

On February 23, 2012, Plaintiff John Assadi, Esq. ("Assadi") filed the Complaint in this action against Defendant United States Citizenship and Immigration Services ("CIS"), alleging violations of the Freedom of Information Act, 5 U.S.C. § 552. ("FOIA") and seeking declaratory and injunctive relief. On May 30, 2012, the Parties consented to jurisdiction by the undersigned. Before the Court is Assadi's motion for *in camera* review, and CIS's cross motion for partial summary judgment. For the following reasons, Assadi's motion for *in camera* review is **DENIED**, and CIS's cross motion for partial summary judgment is **GRANTED**.

## II. BACKGROUND

On October 11, 2011, Assadi submitted a request for documents under FOIA to the CIS National Records Center. Assadi sought production of documents relating to communications "from and between the National Visa Center, Fraud Prevention Unit, the American Embassies/Consulates in Ankara, Istanbul and Adana, Turkey, the American Embassy in Paris [,] France, and the American Embassy in Abu Dhabi, United Arab Emirates, relating to John Assadi, John J. Assadi, or Assadi & Milstein, LLP, but excluding any documents or supporting

documents filed or submitted by John Assadi." (Compl. at 2.) Assadi temporally limited his request to January 1, 2009, to October 11, 2011. On November 21, 2011, CIS notified Assadi that it was withholding documents pursuant to 5 U.S.C. §§ 552(b)(5), (b)(6), and (b)(7)(C). Assadi appealed the same day and CIS affirmed its decision on January 12, 2012.

On February 23, 2012, Assadi filed the present Complaint alleging that CIS failed to provide responsive records under FOIA, improperly relied on FOIA exemptions, and failed to provide a *Vaughn* index. On April 2, 2012, CIS filed its Answer. CIS provided a *Vaughn* index to Assadi on June 8, 2012, and filed it first motion for partial summary judgment on August 3, 2012. In the motion, CIS stated that it had determined on July 23, 2012, to undertake an additional search for responsive documents, and that the search would be completed by August 24, 2012. On August 15, 2012, Assadi filed its response to CIS's motion, and on August 20, 2012, CIS filed its reply. The Court granted CIS's motion for partial summary judgment on January 22, 2013.

On July 11, 2013, the Parties appeared before the Court for a status conference to address CIS's failure to produce the remaining responsive documents to Assadi. At the conference, the Court orally ordered CIS to produce all remaining documents to Assadi by August 23, 2013, and ordered Assadi to file any objections to the production by August 30, 2013. On July 12, 2013, the Court filed a written order embodying its oral order, and further ordered CIS to submit an affidavit by July 26, 2013, detailing the efforts it had made to fulfill its statutory duty to produce responsive documents to Assadi, including an explanation for the delayed production. (Docket No. 19.) CIS timely submitted the affidavit. (Docket No. 22.) On August 21, 2013, CIS produced additional documents to Assadi, along with a preliminary Vaughn index. (Welch Decl. ¶ 4, Ex. 1.) On September 23, 2013, Assadi filed his motion for *in camera* review. (Docket No.

28.) On October 8 and 24, 2013, CIS produced additional responsive documents, with another *Vaughn* index addressing the withholdings. (Welch Decl. ¶ 6, Ex. 1). On November 7, 2013, CIS filed its response to Assadi's motion for *in camera* review, and filed a cross motion for partial summary judgment. (Docket No. 33.) On November 21, 2013, Assadi filed his reply in further support of his motion for *in camera* review and his response to CIS's motion for partial summary judgment. (Docket No. 36.)

Assadi argues that the Court should conduct *in camera* review of nine[1] disputed documents because CIS has improperly claimed an exemption for the documents, and because the June 8, 2012 *Vaughn* index provided by CIS is vague, conclusory, and provides insufficient explanations for the withheld documents. Assadi also argues that *in camera* review is appropriate because of the small number of documents at issue, the conclusory nature of CIS's affidavits, and because CIS acted in bad faith.

CIS seeks partial summary judgment on the propriety of its assertion that nine documents are privileged and need not be disclosed.

### III. DISCUSSION

A.     **Motion for *In Camera* Review**

*In camera* review in FOIA cases is at the discretion of the trial court. 5 U.S.C. § 552(a)(4)(B). The court should consider conducting *in camera* review "where the government seeks to exempt entire documents but provides only vague or sweeping claims as to why those documents should be withheld." *Associated Press v. U.S. Dep't of Justice*, 549 F.3d 62, 67 (2d

---

[1] Assadi initially asked the Court to review twenty-two documents. However, since Assadi filed his motion, CIS has released certain documents, and revised its responses to others. The Parties agree that nine documents are currently in dispute. (Def. Mem. Of Law In Opp. To Pl.'s Mot. For In Camera Review And In Supp. Of Def.'s Cross Mot. For Partial Summary Judgment at 6-7.) (Pl. Mem. of Law In Reply To Def.'s Cross Mot. For Partial Summary Judgment and in Further Supp. Of Mot. For In Camera Review at 1.)

3

Cir. 2008). *In camera* review is only necessary where "the government's affidavits make it effectively impossible for the court to conduct de novo review of the applicability of FOIA exemptions." *Id. See Wilner v. Nat'l Sec. Agency*, 592 F.3d 60, 75-76 (2d Cir. 2009) ("A court should only consider information *ex parte* and *in camera* that the agency is unable to make public if questions remain after the relevant issues have been identified by the agency's public affidavits and have been tested by plaintiffs."). Before ordering *in camera* review, the district court, may, at its discretion, consider alternative options for eliciting additional detail from the government, including requiring supplemental *Vaughn* affidavits, permitting further discovery, or offering the government the option of submitting additional *Vaughn* affidavits for *in camera* review. *Halpern v. F.B.I.*, 181 F.3d 279, 295 (2d Cir. 1999). *In camera* review is thus the exception, not the rule. *Local 3, Int'l Bhd. Of Elec. Workers, AFL-CIO v. N.L.R.B.*, 845 F.2d 1177, 1180 (2d Cir. 1988).

In its response to Assadi's motion for *in camera* review, CIS filed a supplemental *Vaughn* index. (Welsh Decl. Ex. 3.) Considering the June 8, 2012 *Vaughn* index and the supplemental *Vaughn* index together, the Court finds that CIS has provided sufficient detail to support its claims of the applicability of exemptions. *See Wilner v. Nat'l Sec. Agency*, 592 F.3d 60, 75 (2d Cir. 2009) (quoting *Larson v. Dep't of State*, 565 F.3d 857, 865 (D.C. Cir. 2009)) (finding that if an agency's statements "'contain reasonable specificity of detail as to demonstrate that the withheld information logically falls within the claimed exemption and evidence in the record does not suggest otherwise . . . the court should not conduct a more detailed inquiry . . . .'"). Accordingly, the Court finds that *in camera* review is not required.

Assadi argues that the Court should follow the framework set out by the D.C. Circuit in *Allen v. CIA*, and consider the following factors in determining whether to conduct *in camera*

review: 1) judicial economy; 2) the conclusory nature of agency affidavits; and 3) bad faith on the part of the agency. 636 F.2d 1287, 1298 (D.C. Cir. 1980), *disavowed on other grounds*, *Founding Church of Scientology of Washington, D.C., Inc. v. Smith*, 721 F.2d 828 (D.C. Cir. 1983)[2] Assadi does not cite any Second Circuit precedent to support his claim. However, even under the *Allen v. CIA* framework, *in camera* review is not required.

Although Assadi is correct that *in camera* review is more likely appropriate in cases where the number of documents at issue is small, *id.* at 1291, this is not the only factor the court should consider. Assadi argues that CIS's affidavits are conclusory because, by the time of its motion, CIS had provided no affidavits and only a conclusory Vaughn index. Assadi further asserts that CIS's July 26, 2013 affidavit failed to provide sufficient explanations regarding what information was withheld and the bases for the exemptions claimed. However, CIS had not been ordered to provide those explanations in that affidavit. Instead, it had been ordered to provide an explanation for its delay in producing documents. (Docket No. 19.) CIS has since provided a supplemental *Vaughn* index that is sufficiently detailed. Considering that courts may remedy a conclusory *Vaughn* indexes by ordering a supplemental *Vaughn* index, *Halpern*, 181 F.3d at 295, the Court finds that this factor does not point towards *in camera* review.

Finally, Assadi argues that *in camera* review is warranted because CIS has acted in bad faith by: 1) producing a vague and conclusory *Vaughn* index on June 8, 2012, and failing to supplement it when it was challenged, or to provide adequate reasons for its failure to supplement it; 2) failing to produce additional documents for over a year after the July 17, 2012 conference; 3) failing to provide adequate explanation for its delay; 4) failing to conduct obvious

---

[2] The District of Columbia Circuit also listed the following factors, which Assadi does not address: 1) whether there are disputes concerning the content of the document; 2) whether the agency has proposed *in camera* inspection; and 3) the strong public interest in disclosure. 636 F.2d at 1298.

5

searches, such as a search of the Texas Service Center until September 2012, and a search of AUSA Buchanan's email; 5) producing documents with sloppy and inconsistent redactions; and 6) failing to supplement its additional document productions with supplemental *Vaughn* indexes or affidavits. Assadi cites *Carney v. U.S. Dep't of Justice* for the proposition that discovery may be ordered upon "a showing of bad faith on the part of the agency sufficient to impugn the agency's affidavits or declarations." 19 F.3d 807, 812-13 (2d Cir. 1994).

However, as previously discussed, CIS has since supplemented its Vaughn index, and the Court finds its supplement to be adequate. Although CIS did delay in responding to Assadi's FOIA request, the Court finds that Assadi has not put forward sufficient evidence of bad faith to warrant *in camera* review at this time. Finally, Assadi argues that the Court should conduct *in camera* review because CIS has improperly relied on FOIA Exemption 5, however, as discussed in the following section, the Court upholds CIS's withholding of documents under FOIA Exemption 5.

Therefore, for the foregoing reasons, Assadi's motion for *in camera* review is **DENIED**.

**B.  Motion for Partial Summary Judgment**

**1. Summary Judgment Standard and FOIA**

"When responding to a FOIA request, a federal agency must 1) conduct an adequate search using reasonable efforts, 2) provide the information requested, unless it falls within a FOIA exemption, and 3) provide any information that can reasonably be segregated from the exempt information." *Bloomberg L.P. v. Bd. of Governors of Fed. Reserve System*, 649 F. Supp. 2d 262, 270 (S.D.N.Y. 2009); *accord* 5 U.S.C. §§ 552(a)(3), 552(b). FOIA is designed to "promote honest and open government, and to assure the existence of an informed citizenry in order to hold the governors accountable to the governed." *Brennan Ctr. for Justice at New York*

*Univ. Sch. of Law v. United States Dep't of Justice*, ("*Brennan Ctr.*"), 697 F.3d 184, 194 (2d Cir. 2012). "FOIA strongly favors a policy of disclosure." *Id.* In light of FOIA's broad disclosure policy, the exemptions are to be construed narrowly. *United States Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 151 (1989).

Summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is "the preferred procedural vehicle for resolving FOIA disputes." *Bloomberg L.P.*, 649 F. Supp. 2d at 271. Summary judgment is proper "if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." *Brennan Ctr.*, 697 F.3d at 193 (*citing* Fed. R. Civ. P. 56(a)). The "strong presumption in favor of disclosure places the burden on the agency to justify the withholding of any requested documents." *United States Dep't of State v. Ray*, 502 U.S. 164, 173 (1991).

Motions for summary judgment in the FOIA context are unique in that the government's affidavits are accorded a presumption of good faith. *Id.* "[S]o long as such affidavits supply facts indicating that the agency has conduct[ed] a thorough search and give[s] reasonably detailed explanations why any withheld documents fall within an exemption," the burden of proof will be satisfied and summary judgment is appropriate without discovery. *Id.*; *accord Carney v. United States Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994). An agency's determination that documents are under an enumerated exemption, however, is afforded no deference. *Bloomberg L.P. v. Bd. of Governors of the Fed. Reserve Sys.*, 601 F.3d 143, 147 (2d Cir. 2010).

To carry their burden, agencies also generally submit a *Vaughn* index, which is an "itemized listing of the non-disclosed records, describing each record and portion withheld, and providing a detailed justification for the agency's withholding, specifying the [applicable] FOIA

7

exemption." *Nat'l Day Laborer Org. Network v. United States Immigration Customs Enforcement Agency*, 811 F. Supp. 2d 713, 733 (S.D.N.Y. 2011). "Conclusory assertions of privilege will not suffice to carry the Government's burden of proof in defending FOIA cases." *Coastal States Gas Corp. v. Department of Engery*, 617 F.2d 854, 861 (1980). A *Vaughn* index allows the opposing party "to contest the affidavit in an adversarial fashion," and to permit a court to effectively review the agency's redactions. *Halpern v. Fed. Bureau of Investigation*, 181 F.3d 279, 293 (2d Cir. 1999).

### 2. The Deliberative Process Privilege

Congress "intended to incorporate into the FOIA all the normal civil discovery privileges." *Hopkins v. United States Dep't of Hous. and Urban Dev.*, 929 F.2d 81, 84 (2d Cir. 1991). When enacting FOIA, Congress recognized that "efficiency of Government would be greatly hampered if, with respect to legal and policy matters, all Government agencies were prematurely forced to operate in a fishbowl." *Id.* at 84; *accord Env't Prot. Agency v. Mink*, 410 U.S. 73, 87 (1973). FOIA Exemption 5, frequently referred to as the "deliberative process privilege," exempts "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). Documents within the privilege must be (1) "'predecisional,' that is, prepared in order to assist an agency decisionmaker in arriving at his decision, and [(2)] 'deliberative,' that is, actually related to the process by which policies are formulated." *Hopkins*, 929 F.2d at 84. The privilege thus protects the "decision making processes of government agencies, and focus[es] on documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *Nat'l Labor Relations Bd. v. Sear, Roebuck & Co.*, 421 U.S. 132, 150 (1975).

8

Vaughn entries 4, 7, 8, 9, 11, 14, 16, 17, 18, 19 are protected by the deliberative process privilege. The documents are pre-decisional in that they were prepared in order to assist CIS adjudicators in reaching their final decision on petitions for immigration benefits. *Renegotiation Bd. v. Grumman Aircraft Eng'g Corp.*, 421 U.S. 168, 184 (1975). The documents are also deliberative in that they "form[] an important, if not essential, link in [the agency's] consultative process." *Grand Cent. P'ship v. Cuomo*, 166 F.3d 473, 483 (2d Cir. 1999).

With respect to Vaughn Entry 4, an email, CIS withheld a portion of the email consisting of "intra-agency comments on a draft document, as prepared by an Agency immigration officer for USCIS counsel," including "in-depth conversation and analysis of a draft document prepared in the course of Agency adjudication of an I-140 Immigrant Petition." (Welch Decl. Ex. 3 at 5-6.) It is clear from a review of the disclosed portion of the email, that the draft document and comments are pre-decisional in that they "precede[] in temporal sequence" the decision on an immigration petition. *Grand Cent. P'ship*, 166 F.3d at 482. Further, the draft comments are likely to contain professional opinions, which are considered pre-decisional. *See Hopkins*, 929 F.2d at 85. The draft comments are deliberative because they "enable the CIS Adjudicator to consider all relevant facts when determining whether immigration benefits should be awarded." *See Assadi v. U.S. Citizenship and Immigration Servs.*, No. 12-CV-1374 (RLE), 2013 WL 230126, at *4 (S.D.N.Y. Jan. 22, 2013.)

Vaughn Entries 9, 11, and 11's duplicate, Vaughn Entry 14, are emails that contain intra-agency communications regarding the application of regulations to specific immigrant petitions. (Welch Decl. Ex. 3 at 9-11.) Vaughn Entries 16 and 17 contain intra-agency analyses of pending immigration petitions, which were written by TSC staff, and compiled by USCIS counsel for USCIS personnel. These documents are covered by the deliberative process privilege because

9

they are pre-decisional in that they precede decisions on specific immigration petitions, and deliberative. *See Assadi*, 2013 WL 230126, at *4.

Although the withheld portion of Vaughn Entry 9 may also contain factual information, the factual information was selected through the exercise of judgment from a larger body of factual information, *id.* at 11, and thus, the document is "predominantly evaluative," and protected under the privilege. *Tigue v. U.S. Dep't of Justice*, 312 F.3d 70, 82 (2d Cir. 2002).

Vaughn Entry 7, and its duplicate, Vaughn Entry 18, withhold a portion of an email containing "intra-agency discussion on Agency application of its regulations and concerns to be discussed at an Agency meeting." The discussion is pre-decisional in that it precedes any decision on the application of regulations, and it is deliberative in that it "forms an important, if not essential, link in [the agency's] consultative process." *Grand Cent. P'ship*, 166 F.3d at 483.

Vaughn Entry 8 is pre-decisional and deliberative because it is a memorandum from the National Visa Center to the U.S. Embassy in Ankara, Turkey, that "sets forth a recommendation for addressing .. fraud concerns" in connection with a class of visa applicants. (Welch Decl. Ex. 3 at 8.) *See Tigue*, 312 F.3d at 80 (quoting *Grand Cent. P'ship*, 166 F.3d at 482) (finding that pre-decisional deliberative documents include "recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency").

Vaughn Entry 19 is pre-decisional and deliberative because it contains handwritten notes reflecting agency discussions at a meeting regarding "possible courses of actions for the Agency, concerning potential processing and litigation issues." *See Hopkins*, 929 F.2d at 85.

Finding that the deliberative process privilege applies does not end the analysis. Courts must determine whether any part of the document at issue is segregable. *See* 5 U.S.C. § 552(b).

Purely factual observations are not protected by the privilege, unless those observations are "'inextricably intertwined' with the privileged opinion [or] recommendation[] such that disclosure would compromise the confidentiality of deliberative information that is entitled to protection under Exemption 5." *Hopkins*, 929 F.2d at 85; *accord Mink*, 410 U.S. at 92.

Determining if any portions of an exempt-document are segregable begins with consideration of the document as a whole. *Lead Indus. Ass'n, Inc. v. Occupational Safety and Health*, 610 F.2d 70, 85. In other words, courts must consider factual "segments in the context of the whole document and that document's relation to the administrative process which generated it." *Id.* at 86. Disclosure of factual material is permitted only if it will not compromise the "private remainder of the document." *Id.* at 85 (quoting *Mink*, 410 U.S. at 91). "[T]he agency has the burden of establishing the necessity of keeping its records' factual observations undisclosed." *Id.*

The Vaughn index and the documents themselves indicate that CIS has released the portions of the documents that may be segregated. In the case where withheld documents contained factual portions, CIS has withheld factual portions that were " 'inextricably intertwined'" with the privileged opinion or recommendation. *Hopkins*, 929 F.2d at 85; Welch Decl. Ex. 3 at 8-9.

In his motion for *in camera* review, Assadi argues that CIS has improperly exempted documents from disclosure pursuant to FOIA Exemption 5. Assadi argues that CIS improperly withheld Document 0000041 (Vaughn Entry 5.) CIS has subsequently released that document, therefore Assadi's argument is moot. (Welsh Decl. Ex. 3 at 6.) Assadi further argues that CIS improperly withheld Document 0000021, (Vaughn Entry 3), and that without *in camera* review, it is impossible for him to ascertain whether the document contains general instructions to the

public, and therefore should be disclosed pursuant to *Nat'l Imm. Project of the Nat'l Lawyers Guild v. Dep't of Homeland Security*, No. 11-CV-3235 (JSR), 2012 WL 2371459, at *5 (S.D.N.Y. June 25, 2012). However, CIS partially withheld Document 0000021 on the basis of attorney client privilege, not the deliberative process privilege. Therefore, Assadi's reliance on *Nat'l Imm. Project of the Nat'l Lawyers Guild* is misplaced. Moreover, the proposition stated in *Nat'l Imm. Project of the Nat'l Lawyers Guild*, namely that the deliberative process privilege does not apply to "determinations of how [agencies] appl[y] [their] general policies in specific cases," is not relevant to Document 0000021 because that document is not about the application of a general policy to a specific case, but rather about the preservation of documents with respect to a specific lawsuit against the agency. (Welch Decl. Ex. 3 at 4.)

Assadi also claims that CIS has failed to explain why certain documents[3] need to be completely redacted. He made this claim, however, before the supplemental *Vaughn* index was filed, and has not raised it since in his reply. The Court finds that the supplemental *Vaughn* index adequately addresses the redaction of these documents. Assadi further asserts that CIS has inconsistently redacted documents by redacting one version of a document and failing to redact its duplicate equally. Assadi cites as examples Vaughn Entries 1 and 10, and Vaughn Entries 7 and 18. Assadi is correct that these documents are inconsistently redacted. However, he does not dispute the lesser redacted duplicates, and cannot demonstrate how he has been prejudiced by the inconsistent redactions.

---

[3] Assadi lists as examples Documents 0000021, 0000026, 0000137, 0000237, 0000273, 0000506-0000508, 0000514, 0000529, 0000555, 0000574, 0000602-0000605. Document Number 0000605 has since been provided to Assadi. (Welch Decl. Ex. 3 at 22.)

### 3. Attorney Client Privilege and Work Product Doctrine

CIS has asserted the applicability of FOIA Exemption 5 and attorney client privilege for Vaughn Entries 3, 4, 6, 16, and 17. FOIA Exemption 5 incorporates the attorney client privilege. *N.L.R.B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 154 (1975). The attorney client privilege protects "confidential communications between client and counsel made for the purpose of obtaining or providing legal assistance." *In re Cnty. of Erie*, 473 F.3d 413, 418 (2d Cir. 2007). The privilege applies if there was: "(1) a communication between client and counsel that (2) was intended to be and was in fact kept confidential, and (3) was made for the purpose of obtaining or providing legal advice." *Id.* at 419. Vaughn Entries 3, 4, 6, 16, and 17 all meet this standard. Vaughn Entry 3 "provides legal advice from USCIS counsel to USCIS personnel on the storage and retention of information relevant to threatened litigation against the agency." (Welch Decl. Ex. 3 at 4.) The unredacted title of Vaughn Entry 3 states, "Notice Regarding Document Preservation Regarding Matters Related to Attorney John Assadi." (Welch Decl. Ex. 3.) Vaughn Entries 4, 6, 16, and 17 provide legal opinions, analysis, and advice prepared by USCIS or USDOJ counsel for USCIS personnel. (*Id.* at 4-6, 18-19.)

CIS has asserted the applicability of FOIA Exemption 5 and attorney work product for Vaughn Entries 4 and 6. The work product of a lawyer is protected from discovery. *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947). Work product includes, "interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs . . . ." *Id.* at 511. Vaughn Entries 4 and 6 are work product, and FOIA Exemption 5 applies.

### 3. FOIA Exemption 3

CIS has asserted the applicability of FOIA Exemption 3 to Vaughn Entry 8. FOIA Exemption 3 permits an agency to withhold documents if another statute exempts them from

disclosure "in such a manner as to leave no discretion on the issue." 5 U.S.C. § 552(b)(3)(A). The exemption applies "if a disclosure-prohibiting statute exists and the withheld information falls within the coverage of the statute." *Perry-Torres v. U.S. Dep't of State*, 404 F. Supp. 2d 140, 143 (D.D.C. 2005). The court does not scrutinize the content of the withheld document, rather, as long as the "factual nature of the document[] [is] clearly established on the record," "the court inquire[s] no further." *Id.*

CIS asserts that Vaughn Entry 8 must be withheld under 8 U.S.C. § 1202(f), which states that Department of State records "pertaining to the issuance or refusal of visas or permits to enter the United States shall be considered confidential and shall be used only for the formulation, amendment, administration, or enforcement of the immigration, nationality, and other laws of the United States . . . ." 8 U.S.C. § 1202(f). Section 1202(f) qualifies as a withholding statute under FOIA Exemption 3. *See Holy Spirit Ass'n for the Unification of World Christianity*, 526 F. Supp. 1022, 1031 (S.D.N.Y. 1981) (finding that 8 U.S.C. § 1202(f) qualifies as an "exempting statute" under FOIA Exemption 3). The unredacted portion of Vaughn Entry 8 identifies it as a document sent from "Karen Ogle, Deputy Section Chief, Embassy Ankara," with the subject "Suspect Iranian E-1 Immigrant Visa Applicants." The Vaughn Index describes the document as a "memorandum from the National Visa Center to the U.S. Embassy in Ankara Turkey," with an attachment which contains "consular officials' preliminary thoughts on [] applicants' eligibility for visas." Accordingly, it is clear that the document's source is the Department of State. The document pertains to the issuance of visas, as it is intended to provide advice or recommendations on the issuance of visas. *See Mizrahi v. Gonzales*, 492 F.3d 156, 159 (2d Cir. 2007) (interpreting "pertain to" as equivalent to "relate to"). Therefore, the document must remain confidential pursuant to 8 U.S.C. § 1202(f).

### 4. FOIA Exemption 7(E)

FOIA Exemption 7(E) permits an agency to withhold from disclosure "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law . . . ." 5 U.S.C. § 552(b)(7)(E). CIS has asserted the applicability of FOIA Exemption 7(E) to Vaughn Entry 11, and its duplicate, 14. Vaughn Entries 11 and 14 "concern[] the use of electronic database systems, communications and instructions for Agency personnel related to possible interactions with applicants, and information gathering techniques." (Welch Decl. Ex. 3 at 10.) Specifically, the withheld documents contain "background check information that, if released would alert the requester/plaintiff to the nature, scope, source, and amount of information that the Government collects," and the types of information and behavior that "trigger action by immigration officers." *Id.* Because the withheld records consist of background check information and are being used for the purpose of gathering information on applicants, the records qualify as "records or information compiled for law enforcement purposes." 5 U.S.C. § 552(b)(7)(E). The withheld records qualify as "techniques and procedures" because they include instructions for agency staff on how to interact with applicants and gather information for law enforcement purposes. *See Allard K. Lowenstein Int'l Human Rights Project v. Dep't of Homeland Sec.*, 626 F.3d 678, 682 (2d Cir. 2010) (defining "techniques and procedures" as referring to "how law enforcement officials go about investigating a crime"). Because the records qualify as techniques and procedures, the modifier clause "if such disclosure could reasonably be expected to risk circumvention of the law," 5

15

U.S.C. § 552(b)(7)(E), does not apply and the records are automatically exempt under FOIA Exemption 7(E). *Allard K. Lowenstein Int'l Human Rights Project*, 626 F.3d at 681. Nevertheless, disclosure of the withheld records can also "reasonably be expected to risk circumvention of the law," 5 U.S.C. § 552(b)(7)(E), because disclosing information about "the nature, scope, source, and amount of information that the Government collects" could lead to individuals altering their behavior to avoid detection of illegal acts. (Welch Decl. Ex. 3 at 10.)

## IV. CONCLUSION

For the foregoing reasons, Assadi's motion for *in camera* review is **DENIED**, and CIS's cross motion for partial summary judgment is **GRANTED**.

**SO ORDERED this 26th day of September 2014**
**New York, New York**

*[signature]*

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**